UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONALD MORRISON, | Civil Action No. 12-7609 (JLL) |
| Plaintiff, | |
| v. | |
| LVNV FUNDING, LLC, | ORDER |
| Defendant. | |

This matter having come before the Court by way of defendant LVNV Funding, LLC's ("defendant") January 28, 2013, motion for summary judgment, see Summ. J. Mot., ECF No. 9;

and, pursuant to Fed. R. Civ. P. 56, a motion for summary judgment will be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any applicable affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986) and Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Miller v. Indiana Hosp., 843 F.2d 139, 143 (3d Cir. 1988) (noting that "summary judgment may be granted only if there exists no genuine issue of material fact that would permit a reasonable jury to find for the nonmoving party");

and Rule 56 "mandat[ing] the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case," Marten v. Godwin, 499 F.3d 290, 295 (3d Cir. 2007) (quoting Celotex, 477 U.S. at 322–23) (internal quotation marks omitted);

and it appearing that defendant has filed the instant motion for summary judgment (ECF No. 9) before the parties have even filed a joint discovery plan, let alone exchanged documents, taken depositions, answered interrogatories, or engaged generally in substantive discovery, see Order, Jan. 16, 2013, ECF No. 6, at 1 ("The parties shall file a joint discovery plan by 3:00 p.m. on 2/15/2013."); see also id. at 2 ("No motions shall be filed without prior leave of Court.");

and defendant therefore having filed the motion for summary judgment in violation of the Court's Order filed on January 16, 2013 [ECF No. 6];

and the Court having inherent authority and authority pursuant to Fed. R. Civ. P. 16 to control the order of proceedings in this litigation;

and the Court further finding that the undeveloped factual record presently provides an insufficient basis on which to render a decision on a motion for summary judgment, given the inadequate time allowed for discovery;

IT IS ON THIS 30th day of January 2013,

ORDERED that defendant's motion for summary judgment (ECF No. 9) is terminated without prejudice to the right of either party to file a motion for summary judgment at the appropriate procedural posture of the case, in compliance with this Order, Fed. R. Civ. P. 56, and applicable case law.

                                                                      s/ Michael A. Hammer  
                                                                     **UNITED STATES MAGISTRATE JUDGE**